IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.
Date: 2025.03.10 13:23:39 -04'00'

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 25-102 (SCC)

GUSTAVO ALBERTO LORA-PEGUERO,
Defendant.

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Gustavo Alberto Lora-Peguero, and Defendant's counsel, María Carolina Gómez-González, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms, and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Counts One and Two of the Information charging as follows:

Count One: On or about February 16, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Gustavo Alberto Lora-Peguero, voluntarily and intentionally did forcibly resist and impede a federal officer pursuant to Title 18, United States Code, Section 1114, to wit: United States Customs and Border Protection Enforcement Officer Gamaliel Flores, whom was at the time engaged in official duties as a federal officer. All in violation of 18 U.S.C. §§ 111(a)(1).

Count Two: On or about December 22, 2024, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Gustavo Alberto Lora-Peguero,

1

who is an alien, as the term is defined in Title 8, United States Code, Section 1101(a)(3), knowingly entered and attempted to enter the United States, at any time or place other than as designated by immigration officers. All in violation of 8 U.S.C. § 1325(a).

## 2. Maximum Penalties

<u>Count One</u>: The maximum statutory penalty for the offense charged in Count One of the Information, is a term of imprisonment of up to one year, pursuant to 18 U.S.C. § 111(a); a fine not to exceed $100,000.00 pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than one year, pursuant to 18 U.S.C. § 3583(b)(2).

<u>Count Two</u>: The maximum statutory penalty for the offense charged in Count Two of the Information, is a term of imprisonment of up to six months, pursuant to 8 U.S.C. § 1325(a); a fine not to exceed $5,000.00 pursuant to 8 U.S.C. § 1325(a); and a supervised release of not more than one year, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) [handwritten: $25.00] per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

[handwritten margin notes: SLP, MS, GL]

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge or a United States Magistrate Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

[handwritten margin notes: NG., GL]

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

*United States v. Gustavo Alberto Lora-Peguero*

| SENTENCING GUIDELINES CALCULATION<br>COMBINED OFFENSE LEVEL<br>18 U.S.C. § 111(a)(1) and<br>8 U.S.C. § 1325(a) | |
|---|---|
| Highest Offense Level pursuant to U.S.S.G. § 3D1.4 corresponds to 18 U.S.C. § 111(a)(1) pursuant to U.S.S.G. § 2A2.4 | 10 |
| Increase on Offense Level of 2 levels, that is 2 units | +2 |
| Acceptance of Responsibility: U.S.S.G.§ 3E1.1 | -2 |
| Zero-point offender: U.S.S.G. § 4C1.1 | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **8** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 0-6 | 4-10 | 6-12 | 10-16 | 15-21 | 18-24 |

### 8. Sentence Recommendation

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), as to Counts One and Two, the parties agree to recommend a sentence of time served, followed by a term of supervised release as mandated by law.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 6 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, María Carolina Gómez-González, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts

that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 19. Potential Impact on Immigration Status

Defendant is an alien. Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, Defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

W. STEPHEN MULDROW
United States Attorney

_____
Jenifer Y. Hernández-Vega
Assistant U.S. Attorney
Chief, Child Exploitation & Immigration Unit
Dated: _____

_____
Gustavo Alberto Lora-Peguero
Defendant
Dated: 3-7-2025

_____
Steven Liong-Rodríguez
Special Assistant U.S. Attorney
Dated: 3/6/2025

_____
María Carolina Gómez-González
Counsel for Defendant
Dated: 5-7-2025

*United States v. Gustavo Alberto Lora-Peguero*

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has explained the Plea Agreement to me and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 3-7-2025

*Gustavo*
Gustavo Alberto Lora-Peguero,
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have explained the Plea Agreement to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 3-7-2025

María Carolina Gómez-González,
Counsel for Defendant

*United States v. Gustavo Alberto Lora-Peguero*

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, Gustavo Alberto Lora-Peguero, admits that he is guilty as charged in Counts One and Two of the Information and admits the following:

On February 16, 2025, around 12:42am, at the TSA main checkpoint in the Luis Muñoz Marín Airport in Carolina, Puerto Rico, Custom and Border Protection (CBP) enforcement officers Gamaliel Flores and Alexander Ortega encountered the Defendant, attempting to board a flight to Boston, Massachusetts.

CBP Enforcement Officers Flores and Ortega first conducted a pre-inspection of the Defendant, who identified himself as Gustavo Alberto Lora-Peguero. The Defendant presented a valid Dominican Republic passport but presented no visa or other legal document to authorize his presence in the United States. The Defendant admitted he is a Dominican national and that he had no visa or legal document to authorize his presence in the United States. He also admitted that on December 22, 2024, he illegally entered the United States through St. Thomas, USVI, at a place other than a port of entry and without having gone through immigration inspection.

Enforcement Officer Flores then informed the Defendant they would be conducting a secondary inspection at Passport Control Secondary within the airport. At this time, the Defendant refused to follow instructions and did forcibly resist and impede Enforcement Officer Flores, who was at the time engaging in his official duties as a federal officer.

*United States v. Gustavo Alberto Lora-Peguero*

Mr. Lora-Peguero improperly entered the United States at a place other than a designated Port of Entry, and does not have any immigration documents allowing him to enter and/or remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States. Furthermore, he was not inspected, admitted, or paroled into the United States by an Officer of the Bureau of Customs and Border Protection.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Mr. Lora-Peguero's guilt.

_____
Steven Liong-Rodríguez
Special Assistant U.S. Attorney
Dated: 3/6/2025

_____
María Carolina Gómez-González
Counsel for Defendant
Dated: 5-7-2025

_____
Gustavo Alberto Lora-Peguero
Defendant
Dated: 3-7-2058